UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB C. BRIER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-402-GSL-AZ |
| BRIDEGROOM, et al., | |
| Defendants. | |

OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint. ECF 1. A month later, he filed a motion seeking a preliminary injunction. ECF 6. He has now filed eight complaints with this court since December 2024, seven of which were filed in the last two months.[1] He has sought preliminary injunctions in five of his eight cases.[2]

Brier's complaint alleges that he was not permitted to participate in the Recovery While Incarcerated ("RWI") program and that he was denied treatment with medication for his substance use disorder.[3] He further alleges that these were acts of retaliation because of grievances and lawsuits he has filed. He seeks monetary damages

---

[1] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-398-HAB-SLC; 3:25-CV-402-GSL-AZ; 3:25-CV-423-HAB-SLC; 3:25-CV-424-PPS-JEM; 3:25-CV-458-CCB-SJF.

[2] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-402-GSL-AZ; 3:25-CV-423-HAB-SLC.

[3] Brier is pursuing a separate lawsuit about denial of treatment for his mental health needs. *See Brier v. Smiley*, 3:2024-CV-1006-GSL-JEM (filed Dec. 26, 2024). In that case, Brier was granted leave to proceed against "Warden Smiley in his official capacity for permanent injunctive relief to receive constitutionally adequate mental health treatment, including non-segregated housing, consistent with the Eighth Amendments." *Id.* at ECF 10. He sought a preliminary injunction and, and after briefing, it was denied. *Id.* at ECF 28.

for "attorney's fees, embarrassment, physical damages, and extreme emotional distress[.]" ECF 1 at 8. Brier's motion for a preliminary injunction asks the court to order that he be treated for his substance abuse disorder. ECF 6. The motion suggests that Brier is still using illicit substances despite his incarceration, although he has provided few details regarding his current drug use.

Brier's complaint does not seek injunctive relief. ECF 1 at 5. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Brier's request falls outside the scope of the complaint, he cannot demonstrate a reasonable likelihood of success on the merits, and it must be denied.

For these reasons, the court:

(1) DENIES Jacob C. Brier's Motion for Preliminary Injunction (ECF 6);

(2) STAYS this case pending screening of Jacob C. Brier's complaint (ECF 1);

(3) CAUTIONS Jacob C. Brier that, *if he continues to file frivolous motions seeking preliminary injunctions or temporary restraining orders, he may be subject to sanctions, including monetary sanctions, dismissal of this case, or a ban on filing in this court*.

SO ORDERED on June 9, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

3